## Katie Brown v. C. N. Brown, Alias Olin Culbertson.

(Decided February 3, 1925.)

### Appeal from Pike Circuit Court.

1. Marriage—Letters from Former Wife Held Not Admissible in Action to Annul Marriage to Plaintiff Wife.—In wife's action to annul marriage on ground that husband had wife living at time

of marriage, letters from such former wife, setting out marriage with and divorce from defendant, held not admissible.

2. Evidence—Copy of Divorce Judgment Held Not Admissible to Prove Husband's Prior Marriage in Wife's Annulment Suit, where Husband Not Identified, and Copy Not Certified as Required.— In wife's action to annul marriage on ground that husband had other wife living at time of marriage, copy of judgment purporting to grant a divorce from person, who had name similar to that alleged to have been husband's former name, held not admissible, where husband was not identified as the husband named therein, and where the copy of the judgment was not certified, as required by Ky. Stats., section 1635.

3. Marriage—Wife's Testimony as to husband's Admission Held Insufficient to Warrant Annulment on Ground that Husband had Other Wife Living.—In wife's action to annul marriage on ground that husband had other wife living at time of marriage wife's testimony as to husband's admissions held insufficient to warrant annulment.

ROSCOE VANOVER for appellant.

W. P. HUGHES for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

In a suit to set aside an alleged fraudulent marriage ceremony and for a divorce, plaintiff alleged that the defendant, while a married man, sought her hand in marriage and obtained her consent thereto; that a false and fraudulent marriage ceremony was performed, ostensibly uniting them as husband and wife; that at said time defendant had another wife living in Tennessee and from whom he was divorced two years after this ceremony.

When she learned of these facts she refused to live with him longer, and he departed from this state and is now a nonresident, this action proceeding against him as such. The circuit court dismissed her petition and she appeals.

She testifies that he and she were married on the 17th of March, 1918; that later she learned from his brother of his former marriage and that his real name was Olin Culbertson, instead of C. N. Brown; that Brown was the maiden name of his other wife; that when confronted with these facts, he said his brother was lying, but that later he said "there was not any need of making two crimes out of one." She does not testify as to any other admission on his part. The brother mentioned

also gave her the name and address of the other wife, to whom she wrote a letter, and several letters passed between them which appear in the record.

These letters of the former wife set out her marriage with and divorce from defendant, but her deposition was not taken and these letters cannot be considered; neither the brother nor any one else testified as to the first marriage and the only competent evidence relating thereto is the admission which it is claimed that defendant made above quoted, and this is too indefinite to form the basis of a judgment.

In addition to the above there is filed in the record an attested copy of the judgment of divorce in Polk county, Tenn., bearing date April 25, 1921, and purporting to grant a divorce to Pearl Culbertson from Olin Culbertson, but it is not identified by any competent evidence as referring to the defendant and is not certified in the manner pointed out by section 1635, Kentucky Statutes, hence it is incompetent.

Apparently the defendant perpetrated an outrageous fraud and one for which plaintiff should have relief, but the court must try a case upon the record before it, and can grant relief only when warranted by the evidence. It follows that the judgment of the lower court in dismissing plaintiff's petition was proper.

Wherefore, judgment is affirmed.